## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND AND TRUSTEES OF THE INTERNATIONAL TRAINING FUND**<br>**8000 Corporate Drive**<br>**Landover, MD  20785,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **vs.** | ) **Civil Action No.:**<br>) |
| **PUGET SOUND FIRE PROTECTION, INC.**<br>**2820 Oakes Avenue, Suite D**<br>**Everett, WA  98201** | )<br>)<br>)<br>) |
| **Serve:      Karen A. Meinhold, Registered Agent**<br>**2820 Oakes Avenue, Suite D**<br>**Everett, WA  98201** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### Jurisdiction

1.      This Court has jurisdiction of this action under Sections 502 and 515 of the

Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and

under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action

for breach of a Collective Bargaining Agreement between an employer and a labor organization

representing employees in an industry affecting commerce and an action to collect contributions

due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**Parties**

2.      Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the International Training Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 699 (hereinafter referred to as "the union") and the Defendant.  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.      Defendant Puget Sound Fire Protection, Inc. is a corporation existing under the laws of the State of Washington with offices located in Washington.  Defendant transacts business in the State of Washington as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4.      Defendant entered into a Collective Bargaining Agreement with the union establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

2

6.      Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of April 2017 through the present.

7.      Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8.      Defendant has failed to make contributions in the amount of $94,913.68 due to Plaintiff Funds for the months of October 2019, January 2019, February 2019 and April 2019 through June 2019 (see attached breakdown attached hereto as Exhibit A). Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

9.      Defendant has overpaid contributions owed to the Plaintiff Funds on behalf of its sprinkler fitter's employees for work performed during the months of April 2017, June 2017 and February 2019 resulting in a credit balance of $10,756.16.

10.     Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of June 2017 and October 2018 through March 2019 were paid late.  The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

11.     Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of April through June 2019 are late.

12.     The Trust Agreements and the Guidelines provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1)     If payment is not received in the Funds Office by the 15th of the
>         month, 10% of the amount is assessed.

3

      (2)      An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

      (3)      An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

    13.    Pursuant to this provision, Defendant is obligated to Plaintiff Funds in the amount of $69,681.38 in liquidated damages assessed on the late contributions for the months of June 2017 and October 2018 through June 2019, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

    **WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

    A.    In the amount of $84,157.52 for contributions due for work performed in October 2018, January 2019, February 2019 and April 2019 through June 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

    B.    In the amount of $69,681.38 for liquidated damages assessed on the late contributions for the months of June 2017 and October 2018 through June 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

    C.    For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By:_____/s/_____
      Charles W. Gilligan
      Maryland Bar No. 05682

330691_1

5

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Complaint has been served by certified mail,

as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1132(h) this 8th day of August, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
      Plan Benefits Security


                                        /s/
                               Charles W. Gilligan

330691_1